JOSEPH E. NOWREY, RECORDER OF THE CITY OF CAMDEN. v. MAHLON F. IVINS, COLLECTOR OF THE COUNTY OF CAMDEN.

Submitted March 15, 1902—Decided June 9, 1902.

It is the duty of the collector of the county of Camden to pay to the recorder of the city of Camden, for the use of the city, the fees allowed by law to the magistrate and police officers of the city, for services rendered in the case of persons convicted and sentenced to imprisonment or committed to jail for non-payment of the fine and costs imposed under the Disorderly Persons act.

On rule for *mandamus.*

Before Justices DIXON and COLLINS.

For the recorder, *Henry M. Snyder, Jr.*

For the collector, *George J. Bergen.*

The opinion of the court was delivered by

DIXON, J. On a rule to show cause, the recorder of the city of Camden now prays for a writ of *mandamus* commanding the collector of the county of Camden to pay to him, for the

use of the city, seventy-five cents (being twenty-five cents as the magistrate's fee and fifty cents as the police officer's fee) for each of twenty-five hundred and sixty-seven persons, convicted before the recorder, and sentenced to imprisonment or committed to jail for non-payment of the fine and costs imposed under the "Act concerning disorderly persons," approved June 14th, 1898. *Pamph. L., p.* 942.

It is conceded that the preliminary steps to perfect the claim have been taken, and only the fundamental right is in question.

We think it is the duty of the collector to pay the fees demanded. This duty is imposed by section 108 of the Criminal Procedure act of 1898 (*Pamph. L., p.* 866), which enacts that, in case a person is convicted before a justice of the peace for any offence, and sentenced to imprisonment, or to pay a fine and costs and committed until fine and costs are paid, the county collector shall, after due certification of the bill of costs, pay the amount thereof to the said justice. That this enactment applies to cases arising under the Disorderly Persons act is evident, not only from the form of the statute (*Rev., p.* 288, § 109; *Gen. Stat., p.* 1142, § 109) from which it is derived, which expressly mentions that act, but also because it can have no force unless it be applicable to such cases and those of similar character.

This section of the act of 1898 refers expressly only to convictions before a justice of the peace; but an act approved March 10th, 1880 (*Gen. Stat., p.* 2482) enacted that in cities magistrates empowered to exercise the authority of justices of the peace in criminal matters and complaints arising in the city should receive the same fees as were then, or thereafter might be, allowed to justices of the peace, such fees to be paid in the same manner as if due to justices; and in like cases the police officers of the city were put on the same footing as constables. The criminal matters and complaints here mentioned include, we think, all cases of alleged violation of any act of the legislature. The charter of the city of Camden (*Pamph. L.* 1871, *p.* 210, § 40) confers on the recorder of the city the jurisdiction of a justice of the peace in all matters of

a criminal nature, and so brings him under the act of March 10th, 1880.

Section 43 of the Disorderly Persons act of 1898 entitles the magistrate and police officer to the fees now demanded, and section 44 directs that when the city magistrate and officer are paid a fixed salary by the city, the magistrate shall pay the fees received by him, which include his own and the policeman's fee, into the city treasury. Such salaries are paid by the city of Camden.

These statutes seem to make the right of the recorder clear, but the collector cites in reply the proviso in section 106 of the Criminal Procedure act of 1898, which declares that no fees or costs shall be paid by the county collector for the services of any judge, justice or officer of any police or criminal court, where such judge, justice or officer receives a salary.

The usual office of a proviso is either to except something from the enacting clause, or to qualify or restrain its generality. *Sloat* v. *McComb,* 13 *Vroom* 484; *Sipley* v. *Wass,* 18 *Id.* 187; *Roxbury Lodge* v. *Hocking,* 31 *Id.* 439. The enactment to which this proviso relates deals with such criminal cases only as may lead to indictment, and hence the proviso cannot affect cases under section 108.

The rule for a *mandamus* should be made absolute.